IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:21-CR-00440-M |
| v. | |
| JOHN GRISHAM (01)<br>ROB WILBURN (02) | |

### NON-PARTY BARRETT R. HOWELL'S MOTION TO QUASH THIRD PARTY SUBPOENA DUCES TECUM

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), Barrett R. Howell ("Howell") files this motion to quash the third-party subpoena duces tecum served by defense counsel Brian Poe ("Poe") on AT&T.

### I.    BACKGROUND

On February 6, 2023, Poe, defense counsel for Rob Wilburn, served AT&T with a subpoena duces tecum ("AT&T Subpoena").  A true and correct copy is attached hereto as **Exhibit A**.[1] The AT&T Subpoena broadly commands AT&T to produce "[a]ll subscriber records, account details, text logs, call logs, and call detail records from August 1, 2018 to January 30, 2023" for Howell's personal mobile phone number 214-729-9711.This motion is made on the grounds that the subpoena is overly broad, it seeks irrelevant information and materials, is intended for no

---

[1] Howell only became aware of the AT&T Subpoena as a result of the notice provided by AT&T to Howell contained in Exhibit A.  Subsequent to receipt of the notice, Poe informed Howell that he intended to withdraw the AT&T Subpoena; however, neither AT&T nor Poe have provided a clear indication that the AT&T Subpoena has been withdrawn.  Accordingly, Howell files the present Motion out of an abundance of caution in order to protect his privileged communications with his client, James Courville (who himself received a subpoena, which is the subject of a companion motion to quash).

purpose other than to harass the undersigned counsel and requires the disclosure of communications protected by attorney-client privilege.

## II.   ARGUMENT AND AUTHORITIES

Rule 17(c) was not intended to provide an additional means of discovery beyond the scope of discovery set forth in Federal Rule of Criminal Procedure 16. *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). The rule provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates" and that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1).

The Supreme Court and the Fifth Circuit have interpreted this rule to permit subpoenas for "evidentiary materials." *Bowman Dairy*, 341 U.S. at 221. In other words, "[e]very subpoena" under Rule 17(c) "must be a 'good faith effort . . . to obtain evidence,'" rather than "a fishing expedition to see what might turn up." *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992) (quoting *Bowman Dairy*, 341 U.S. at 219–21).

Under the Federal Rules of Criminal Procedure, Rule 17 authorizes a court to quash a subpoena for documents in a criminal case "if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c); *United States v. Skilling,* 2006 WL 1006622, at *1 (S.D. Tex. 2006). The party seeking access to materials under a Rule 17(c) subpoena bears the burden of showing that the subpoenaed document is: (1) relevant; (2) admissible; (3) specific." *United States v. Nixon*, 418 U.S. 683, 700 (1974). Poe's AT&T Subpoena fails to show all three and seeks communications protected by attorney-client privilege.

### A.   The AT&T Subpoena Seeks Records that are Irrelevant and Inadmissible.

Poe has failed to demonstrate how the information sought in the AT&T Subpoena is relevant to any claim or defense. Rule 17(c) requires the documents sought to have "real relevance

Page 2
**MOTION TO QUASH THIRD PARTY SUBPOENA DUCES TECUM**

to the particular counts for which the defendant was charged." *United States v. Butler*, 429 F.3d 140, 149 (5th Cir. 2005). Admissibility requires a "movant to make a 'sufficient preliminary showing that the requested material contains evidence admissible with respect to the offenses charged in the indictment.'" *United States v. Skilling*, No. H–04–025, 2006 WL 1006622, at *3 (S.D. Tex. Apr. 13, 2006) (quoting *Nixon*, 418 U.S. at 700). Poe has failed to make any showing that AT&T's records for Howell's personal mobile phone number would contain any admissible evidence to the healthcare fraud offenses charged to Defendant Rob Wilburn. Additionally, the evidence sought from AT&T is inadmissible under Federal Rule of Evidence 401 and is substantially more prejudicial than probative under Rule 403.

      B.      **The Subpoena Lacks Requisite Specificity.**

The AT&T Subpoena's lack of specificity provides an independent basis for the Court to quash it. Poe commands AT&T to produce "[a]ll subscriber records, account details, text logs, call logs, and call detail records from August 1, 2018 to January 30, 2023." Poe provides no further details on what the information sought contains. "The[] specificity and relevance elements" of the Rule 17(c) inquiry "require more than the title of a document and conjecture as to its contents." *Arditti*, 955 F.2d at 345. Courts have repeatedly rejected overbroad "catch-all" requests for documents of the sort that Poe proposes here. *See, e.g.*, *Bowman Dairy*, 341 U.S. at 221 (rejecting "catch-all provision" that sought all evidence "relevant to the allegations or charges contained in said indictment"); *United States v. Avalos-Martinez*, 299 F.R.D. 539, 542 (W.D. Tex. 2014) (rejecting request for "'any and all' materials" because the defendant "d[id] not identify any specific document by name, and instead s[ought] an entire class of materials"); *United States v. Hernandez*, No. 3:12-cr-0190-L(04), 2012 WL 6213263, at *2 (N.D. Tex. Dec. 13, 2012) (rejecting request for "all the phone calls for all of the cooperating co-conspirators"). If specificity requires "more than the title of a document and conjecture as to its contents," then it certainly

requires much more than what Poe has offered here. This lack of specificity indicates that Poe is attempting "to use the subpoena duces tecum as a discovery device, which it is not." *United States v. Nixon*, 777 F.2d 958, 968–69 (5th Cir. 1985).

### C. The AT&T Subpoena Seeks Information Protected by Attorney-Client Privilege.

The AT&T Subpoena is unreasonable and oppressive because it requires the disclosure of information protected by attorney-client privilege. *See U.S. v. Hoeffner*, 254 F.R.D. 302, 307 (S.D. Tex. 2008) (holding that the subpoena was unreasonable and oppressive because compliance required the disclosure of attorney-client communications). Poe is attempting to obtain phone records from Howell, who represents James Courville, jeopardizing confidentiality and attorney-client privilege not only for Courville, but also for Howell's other clients.

### D. Howell has standing to Move to Quash the AT&T Subpoena.

Howell has standing to move to quash the AT&T Subpoena because it is harassing and violates his privacy. Additionally, Howell has a right to assert attorney-client privilege to protect communications with his clients. It is well settled that a party has standing to quash a third party subpoena "if the subpoena infringes upon the movant's legitimate interests." *Avalos-Martinez,* 299 F.R.D. at 541 (quoting *Raineri*, 670 F.2d at 712). Here, the AT&T Subpoena, which seeks documents that are irrelevant and inadmissible, and which lacks the requisite specificity, constitutes undue harassment of Howell and affect his, and his clients', rights to privacy. Poe should not be permitted to misuse Rule 17(c) for whatever personal animosity he has against Howell and his client, James Courville.

**MOTION TO QUASH THIRD PARTY SUBPOENA DUCES TECUM**
US_156301752v1_393441-00001 2/24/2023 4:07 PM

### III.    PRAY FOR RELIEF

Howell respectfully requests that the Court quash the AT&T Subpoena. Howell further requests that the Court require Poe to identify any other telephone carriers that Poe has subpoenaed for similar requests to ensure that Howell is able to protect any privileged communications he may have had while using another telephone carrier.

February 24, 2023

                                        Respectfully Submitted,

                                        /s/ Barrett R. Howell
                                        Barrett R. Howell
                                        barrett.howell@katten.com
                                        Tx. Bar No. 24032311
                                        Ryan J. Meyer
                                        ryan.meyer@katten.com
                                        Tx. Bar No. 24088053
                                        Kenya S. Woodruff
                                        kenya.woodruff@katten.com
                                        Tx. Bar No. 24013475

                                        KATTEN MUCHIN ROSENMAN LLP
                                        2121 N. Pearl Street, Suite 2100
                                        Dallas, TX 75201
                                        Tel: (214) 765-3681

                                        **ATTORNEYS FOR NON-PARTIES BARRETT R. HOWELL, RYAN J. MEYER, AND JAMES COURVILLE**

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred with Brian Poe, counsel for Robert Wilburn, regarding this Motion and he indicated that he would withdraw the AT&T Subpoena but would otherwise oppose this Motion. However, as I have received no written confirmation from either Mr. Poe or AT&T that the Subpoena has been withdrawn, I am filing this Motion out of an abundance of caution.

*/s/ Barrett R. Howell*
Barrett R. Howell

## CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2023, I electronically filed the foregoing document with the Court and served the same on all counsel of record using the Court's CM/ECF system.

*/s/ Barrett R. Howell*
Barrett R. Howell